IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 9 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02717-ZLW

A. J. TWITTY, also known as
ANDRE J. TWITTY, also known as
ANDRE TWITTY,

      Applicant,

v.

RONNIE WILEY,

      Respondent.

---

## ORDER DENYING MOTIONS TO RECONSIDER AND TO RECUSE

---

      This matter is before the Court on the motion titled "Motion for Rehearing

Pursuant to Rule 59(e) Fed. R. Civ. P. for an Abuse of Discretion Brief in Support"

submitted *pro se* by Applicant, Andre J. Twitty, and filed with the Court on April 13,

2009. Mr. Twitty seeks reconsideration of the order of dismissal and the judgment filed

on March 25, 2009, denying his application for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 (1994). He also complains that the district judge in this case refuses to

recuse herself. Mr. Twitty is a prisoner in the custody of the United States Bureau of

Prisons who currently is incarcerated at the United States Penitentiary, Administrative

Maximum, in Florence, Colorado.

      The Court must construe the April 13, 2009, motion liberally because Mr. Twitty

is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the

motion will be construed as a motion to recuse and a motion to reconsider. The liberally construed motions to reconsider and to recuse will be denied.

Mr. Twitty asks the Court to recuse itself because the Court is biased against him. In support of his allegation of bias, Mr. Twitty asserts that the Court repeatedly has ruled against him. However, apparently as support for his allegation of bias, he attaches an order dated March 25, 2009, from the United States Court of Appeals for the Eleventh Circuit that denies his application for leave to file a second or successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (2006).

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse him or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the party seeking recusal. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). "[T]here is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this

2

provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Twitty's allegation that the Court repeatedly has ruled against him is not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the liberally construed motion to recuse will be denied.

The Court next will address the liberally construed motion to reconsider. The Court denied the application and dismissed the action because Mr. Twitty has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia. The reasons for the dismissal are explained in greater detail in the March 25, 2009, dismissal order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

3

(10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Mr. Twitty's motion to reconsider, which was filed more than ten days after the dismissal order and the judgment, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court denied the application and dismissed the action because Mr. Twitty has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia. The March 25, 2009, dismissal order discusses in detail the reasons for the dismissal. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Twitty fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion for Rehearing Pursuant to Rule 59(e) Fed. R. Civ. P. for an Abuse of Discretion Brief in Support" submitted *pro se* by Applicant, Andre J. Twitty, and filed with the Court on April 13, 2009, and which the

4

Court has construed liberally as a motion to recuse and a motion to reconsider filed

pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this _28_ day of _____April_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-02717-ZLW

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/29/09

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk